IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | |
| | : | VIOLATIONS: 18 U.S.C. § 287 |
| v. | : | (False Claim) |
| | : | |
| OYETAYO FAGBENRO, | : | |
| | : | |
| Defendant. | : | |

### STATEMENT OF THE OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the United States, by and through its undersigned attorneys, and Oyetayo Fagbenro ("Fagbenro"), with the concurrence of his attorney, Matthew Esworthy, stipulate and agree that the following facts fairly and accurately describe Fagbenro's conduct in the offense to which he is pleading guilty. These facts do not constitute all of the facts known to the parties concerning the charged offense and related conduct. This statement is being submitted to demonstrate that sufficient facts exist to establish that Fagbenro committed the offense to which he is pleading guilty. Fagbenro knowingly, voluntarily, and truthfully admits to the facts set forth below.

### BACKGROUND

**Award of Three Grants to HUDA**

1. In 2010, the United States Department of State ("DOS"), a department and agency of the United States, awarded three grants for the construction of media centers at Afghan universities (the "media center grants") to HUDA Development Organization ("HUDA"), an Afghan Non-Governmental Organization controlled by Fagbenro. The three grants were referred to as Grant 146, 147 and 245. The three grants were numbered according to the DOS contracting nomenclature as S-AF200-10-GR146 ("Grant 146"), S-AF200-10-GR147 ("Grant 147"), and S-

AF200-10-GR245 ("Grant 245").  The initial value of Grants 146 and 147 was $1,703,750 and $1,572,580 respectively.  Grant 245 was for four locations but ultimately only involved one location so the value fluctuated. The final aggregate value paid to HUDA for all three grants was approximately $9,199,843.75.

2.      On August 16, 2010, Grant 146 was awarded to HUDA with an initial value of $1,703,750.  The purpose of Grant 146 was construction of a media center in Herat, Afghanistan, scheduled to begin July 15, 2010, and to conclude six months later. Thirteen subsequent amendments to Grant 146 raised the total expenditure to $3,054,401.  DOS closed out the grant on September 10, 2014.

3.       On August 16, 2010, Grant 147 was awarded to HUDA with an initial value of $1,572,580.  The purpose of Grant 147 was construction of a media center in Kabul, Afghanistan, scheduled to begin July 15, 2010, and to conclude six months later. Twelve subsequent amendments to Grant 147 raised the total expenditure to $2,709,494.  DOS closed out the grant on June 9, 2014.

4.      On September 21, 2010, Grant 245 was awarded to HUDA with an initial value of $8,374,239.  The purpose of Grant 245 was construction of one media center in each of four locations – Kandahar, Nangarhar, Balkh, and Khost, Afghanistan.  On December 6, 2012, an amendment to Grant 245 removed the construction of the media center in Khost.  On August 6, 2013, an amendment to Grant 245 removed the construction of the media centers in Nangarhar and Balkh and reduced the total expenditure to $4,462,643.39.  One following amendment to Grant 245 raised the total expenditure to $4,815,207.49.  DOS closed out the grant on August 31, 2015.

5.      DOS awarded Grant 146, Grant 147, and Grant 245 to HUDA using DOS Form DS-1909. Fagbenro signed each of those three forms on behalf of HUDA. Each contained the

2

following language: "by signing this agreement, the recipient assures that it will comply with the terms and conditions of the award." The terms and conditions of the grants put Fagbenro on notice that he was prohibited from using any DOS funds for any purpose other than those called for in the Grants. **THE OFFENSE**

6. Between approximately September 2010 and August 2012, DOS deposited approximately $6,936,107.25 into Afghan bank accounts designated and controlled by Fagbenro. Those funds were deposited pursuant to the grants and were to be used solely for the purposes of the grants.

7. During the same period, Fagbenro sent $1.382 million from Afghan accounts funded by DOS to persons he knew and/or entities he controlled in the US and other countries, all outside of Afghanistan. The money Fagbenro sent outside Afghanistan included $378,000 to a non-profit incorporated by Fagbenro in Oklahoma, $122,000 to a company in Maryland controlled by friends ($20,000 of that amount was returned to Afghanistan for grant-related purposes), $114,000 to his brother-in-law in Oklahoma, $58,000 to a friend living in Pakistan, $646,500 to another company in Maryland Fagbenro controlled with a friend (about $587,000 of those funds were used to purchase equipment actually used for the purposes of the grants) and smaller sums to other friends and relatives. Of the total $1.382 million in DOS funds that Fagbenro sent out of Afghanistan, about $775,000 was spent for Fagbenro's purposes, not the purposes of the grants.

8. Following Fagbenro's sending of DOS funds to persons and/or entities unconnected to the purposes of the grants, he requested additional DOS funds to complete the work called for in grants 146 and 147. Fagbenro signed and submitted to DOS State Department Form 270s for each request of additional funds. In those Forms, Fagbenro falsely certified that he had properly spent all the funds he previously had received for those two grants.

9.       On or about December 10, 2012, Fagbenro made and presented to DOS officials a State Department Form 270 for Grant 146. In that State Department Form 270, Fagbenro falsely certified that he had properly spent all the funds he had previously received for that grant and he requested an additional $217,103.50.

10.      Fagbenro was aware when he submitted the State Department Form 270 that he had not spent all the funds entrusted to him for the grant purposes but had sent much of the money to persons and/or entities unrelated to the grants.  Fagbenro understood that these representations were material to the State Department.  Further, Fagbenro knew that the State Department Form 270 he submitted was false, fraudulent, and fictitious, and he intentionally submitted that form to the State Department in order to obtain money from the United States.

11.      At all times during the scheme to obtain DOS funds, Fagbenro acted knowingly, willfully, and with the intent to defraud DOS.

Dated this  19  day of November, 2020.

                                      Respectfully submitted,

                                      DANIEL KAHN
                                      Acting Chief, Fraud Section
                                      Criminal Division
                                      United Sates Department of Justice

By:    /s/James J. Gelber
       James J. Gelber
       VT Bar # 2775
       (202) 616-1488
       James.Gelber2@usdoj.gov
       Trial Attorney, Fraud Section
       Criminal Division
       United States Department of Justice
       1400 New York Avenue, NW
       Bond Building, Fourth Floor
       Washington, D.C. 20005

## DEFENDANT'S ACCEPTANCE

The preceding Statement of the Offense is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

I have read every word of this Statement of the Offense or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 10-21-20

Oyetayo Fagbenro
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it fully with my client. I concur in my client's desire to adopt and stipulate to this Statement of the Offense as true and accurate.

Date: 10-29-20

Matthew Esworthy
Bowie & Jenkins, LLC
Counsel for Oyetayo Fagbenro